# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT FOR WEST VIRGINIA
# CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                          **CRIMINAL ACTION NO. 2:14-cr-00112**

**ALVIS R. PORTER**

        **Defendant.**

## DEFENDANT'S MOTION TO RETAIN COUNSEL

The defendant, Alvis Porter, by counsel, respectfully moves the Court to permit Mr. J. Timothy DiPiero to remain his attorney. In the summer of 2012, Mr. Porter contacted Mr. DiPiero's firm to represent him on a contract dispute. In February of 2013, he hired the same firm regarding a personal injury claim involving a serious car accident. Then in January of 2014, when he learned a subpoena had been issued by the federal grand jury for some of his bank records, Mr. Porter engaged Mr. DiPiero's firm to represent him. Mr. Porter's hiring of Mr. DiPiero's services in connection with the federal investigation occurred several weeks before his attorney was contacted by defendants Roeher, Herndon and Ellis. Because neither of these three men had any business contact with Mr. Porter, Mr. Porter did not believe in March of 2014, when he was first asked by Mr. DiPiero and still does not believe, any factual circumstance exists where he would have any direct evidence against any of those three men or any of them would have any such information against him. In other words, he cannot envision how he could be a witness against any of them and vice-versa. He has signed a waiver of conflict which has been previously filed.

It is clear from the charge contained in his information that Mr. Porter's offense is a tax matter unrelated to any other company than his own, Quality Oil Co., d/b/a as Southern Construction

Co.. Moreover, from descriptions of the various schemes contained in his presentence report, it is indisputable that Mr. Porter and his company and the work it did for Arch was wholly separate from the work done by Roeher, Herndon and Ellis or their companies for Arch. Whereas these men and their companies were in the mine parts repair business, Mr. Porter's business involved providing heavy equipment services on Arch property. When Mr. Herndon worked at Arch, Mr. Porter had no business connection with Mr. Herndon. All contact involving illegal payments, and all conversations related thereto, were strictly between Mr. Porter and Mr. Runyon. See page 9 paragraph 26 of Mr. Porter's presentence report which states: "Those involved in the construction work kickback scheme... included Alvis R. Porter and Runyon. The only vendor participating in the Construction Scheme was Quality Oil, Inc., ...d/b/a Southern Construction of Logan on the site of Mountain Laurel. Quality Oil provided a variety of construction services to Mountain Laurel, including the rental and operation of heavy equipment."

Accordingly, there appears to be no evidence of a direct conflict or any indication of a serious potential conflict which would allow a Court in its discretion to overcome the 6th Amendment presumption in favor of counsel of choice. See Wheat v. U.S., 486 U.S. 153 (1988). Absent such actual conflict or serious potential conflict, there exists no compelling reason why Mr. Porter should not be allowed the attorney of his choice.

Wherefore, defendant Alvis Porter, with knowledge of the issues raised concerning Mr. DiPiero's representation of other clients, respectfully requests that he be permitted to retain Mr. DiPiero's services.

Respectfully submitted,
**ALVIS R. PORTER**
By Counsel

/s/ J. Timothy DiPiero
J. Timothy DiPiero (WVSB# 1021)
DiTrapano, Barrett, DiPiero, McGinley & Simmons, PLLC
P.O. Box 1631
Charleston, West Virginia 25326

(304) 342-0133 (telephone)

(304) 342-4605 (facsimile)
E-Mail: Tim.DiPiero@dbdlawfirm.com

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.  CRIMINAL ACTION NO. 2:14-cr-00112

**ALVIS R. PORTER,**

**Defendant.**

## CERTIFICATE OF SERVICE

I, J. Timothy DiPiero, do hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION TO RETAIN COUNSEL** was served upon the following counsel of record by electronic filing, this 22nd day of December, 2014 and addressed as follows:

>Merideth George Thomas
>Assistant United States Attorney
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>meredith.thomas@usdoj.gov

>/s/ J. Timothy DiPiero
>DiTrapano, Barrett, DiPiero, McGinley &
>Simmons, PLLC
>P.O. Box 1631
>Charleston, West Virginia 25326
>(304) 342-0133 (telephone)
>E-Mail: Tim.DiPiero@dbdlawfirm.com