IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                          CRIMINAL NO. 2:14-00112

**ALVIS R. PORTER**

### RESPONSE OF THE UNITED STATES TO
### DEFENDANT'S BRIEF ON CONTINUED REPRESENTATION

Comes now the United States of America by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and responds to Defendant's Brief on Continued Representation.

**I.  Legal Standard**

Defendants can waive a conflict of interest so long as their waivers are knowing, voluntary and intelligent. United States v. Brown, 202 F.3d 691, 697 (4th Cir. 2000) (quotations omitted). To meet this standard, "the lawyer, the Government, and the district court should provide the defendant with as much relevant information as possible about the conflict before the court accepts a waiver of the conflict of interest." Id. at 697-98.  A defendant need not know "each detail concerning the conflict" but needs to understand "the crux of the conflict" and have "an understanding of its implications." Id.

In Wheat v. United States, the Supreme Court explained that "while the right to select and be represented by one's preferred attorney is comprehended by the sixth amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer to whom he refers." Wheat, 486 U.S. 153 (1988). Accordingly, "a district court may disqualify a defendant's counsel of choice in spite of an express waiver by that defendant of any conflict of interest." United States v. Urutyan, 564 F.3d 679, 686 (4th Cir. 2009) (quoting Wheat, 486 U.S. at 162).

The Fourth Circuit explained in Urutyan that conflicts are "notoriously hard to predict." Id. (quoting Wheat, 486 U.S. at 162). While a presumption exists in favor of a defendant's choice of counsel, this presumption may be overcome by either an "actual conflict" or a "serious potential for conflict." Id. (quoting United States v. Basham, 561 F.3d 302, 323 (4th Cir. 2009) (quoting Wheat, 486 U.S. at 162).)

The United States is not opposed to the continued representation of Defendant Porter by Mr. DiPiero, and is currently unaware of any reason why any current or former client of Mr. DiPiero's would need to testify in relationship to Defendant Porter's case, namely Gary Roeher, Stephen Herndon or

2

Scott Ellis.[1]  However, out of an abundance of caution, the United States respectfully requests that Defendants Stephen Herndon and Scott Ellis be questioned in camera, or that their attorneys provide assurances, to confirm that that they do not oppose the continued representation of Defendant Porter by Mr. DiPiero.

                              Respectfully submitted,

                              R. BOOTH GOODWIN II
                              United States Attorney

                              /s/Meredith George Thomas
                              MEREDITH GEORGE THOMAS
                              Assistant United States Attorney
                              WV Bar No.10596
                              300 Virginia Street, East
                              Room 4000
                              Charleston, WV 25301
                              Telephone:  304-345-2200
                              Fax:  304-347-5104
                              Email:meredith.thomas@usdoj.gov

---

[1] At the hearing on December 8, 2014, Mr. DiPiero brought to the Court's attention limited information from S. Herndon regarding Defendant Porter.

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES TO DEFENDANT'S BRIEF ON CONTINUED REPRESENTATION" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 9th day of January, 2015, to:

> J. Timothy DiPiero
> DiTrapano Barrett & DiPiero
> 604 Virginia Street, East
> Charleston, West Virginia

> /s/Meredith George Thomas
> MEREDITH GEORGE THOMAS
> Assistant United States Attorney
> WV Bar No.10596
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> Email:meredith.thomas@usdoj.gov